```
         IN THE UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

JENNIFER McDONALD                              PLAINTIFF

VS.                              CAUSE NO. 5:18-cv-83-DCB-MTP

STATE OF MISSISSIPPI, OFFICE OF
THE GOVERNOR, DIVISION OF MEDICAID
AND SARAH UNDERWOOD, IN HER
INDIVIDUAL CAPACITY                            DEFENDANTS

**PLAINTIFF REQUESTS TRIAL BY JURY**

**COMPLAINT**

COMES NOW Plaintiff, Jennifer McDonald, and files this, her Complaint against The Office of the Governor, Division of Medicaid and Sarah Underwood, and states as follows, to-wit:

**PARTIES**

1.  Plaintiff is an adult resident of Adams County, Mississippi. At all times relevant hereto, Plaintiff worked as an employee of the State of Mississippi Office of the Governor Division of Medicaid in Adams County, Mississippi.

2.  Defendant, Office of the Governor, Division of Medicaid (Medicaid) is an arm of the state of Mississippi, a state and federal program created by the Social Security Amendments of 1965 (PL 89-97), authorized by Title XIX of the Social Security Act to provide health coverage for eligible, low

1

income populations.  At all times mentioned in this complaint, Title VII was in full force and effect and was binding on this Defendant.  Medicaid may be served with process by serving a copy of the summons and complaint to the Mississippi Attorney General Jim Hood at 550 High Street, Jackson, Ms, 39201.

    3.   Defendant Sarah Underwood (Underwood) is an adult resident of Lincoln County, Mississippi.  At all times relevant hereto, Defendant, Underwood was Plaintiff McDonald's supervisor and/or held supervisory authority over Plaintiff and could make tangible employment decisions regarding Plaintiff's career, including promotions.  At all times mentioned in this complaint, Title VII was in full force and effect and was binding on this Defendant.  Underwood may be served process by serving a copy of the summons and complaint to her at 1372 Johnny Johnson Dr., Brookhaven, Ms 39601.

## **JURISDICTION**

    5.   Jurisdiction of this court is invoked under 28 USC § 1331. This action is authorized and instituted according to Title VII of the Civil Rights Act of 1964, as amended (referred to as "Title VII"), the Fourteenth Amendment of the United States Constitution. Plaintiff's claims are also allowed under 42 U.S.C. § 1983.  Plaintiff invokes this court's pendent jurisdiction as to the common laws of the State of Mississippi

and the Mississippi Constitution.  Equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5(g).  Compensatory relief and punitive damages are sought pursuant to 42 U.S.C. 1981 and 2000e-5(g).  Costs and attorney's fees are sought and may be awarded pursuant to 42 U.S.C. § 1981 and 2000e-5(k).

## VENUE

6.   Venue is appropriate and proper in Southern District of Mississippi under 28 USC § 1391(b) because the events made the basis of this suit occurred in Adams County, Mississippi.

## FACTS

57.   Plaintiff was employed by Medicaid from October 1, 1999 to June 16, 2017.  During all relevant times of this complaint, Underwood was plaintiff's supervisor who was empowered by Medicaid to make tangible employment decisions regarding plaintiff's career.

8.   During the time of her employment with Medicaid, Defendant Underwood, Plaintiff's Caucasian supervisor, together with and under the approval and knowledge of Medicaid, acted to discriminate against the plaintiff because of her race, by failing to promote her due to her race and by hiring a member of the Caucasian race.  A Caucasian holding a better position retired.  Plaintiff and at least one other African American

3

applied and were passed over for a Caucasian by Defendants in order for Medicaid to maintain an equal number of Caucasian and African American employees that held said position. This act was intentionally directed towards Plaintiff, and others like her, because of race.  Plaintiff, and others like her, was degraded, humiliated, terrified and distressed by this action.  Said action violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 1983 amd 1981; the Fourteenth Amendment of the United States Constitution; and Art. 3 § 14 of the Miss. Const.

9. Plaintiff has filed grievance with Medicaid pursuant to their policies and procedures without remedy.

10. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (charge #423-2017-00953) and has received the Notice Of Right To Sue from Principal Deputy Chief Karen Woodard from the EEOC Jackson Area Office. This action is being commenced within 90 days of Plaintiff's receipt of the aforementioned Notice of Right to Sue.

10. All prerequisites to the filing of this suit have been met, including the exhaustion of all administrative remedies. Plaintiff has incurred expenses including, but no limited to, reasonable attorney's fees because of the facts alleged.

11. The effect of the actions, policies and practices pursued by the Defendants as alleged above limited, classified, and discriminated against the Plaintiff in ways that jeopardized her job, deprived her of employment opportunities, and otherwise adversely affected her status as an employee because of her race, including be denied the opportunity to hold a better position, and other tangible adverse employment actions. In fact, due to the discrimination suffered by Plaintiff, she has been unable to continue and maintain her employment with Medicaid as of June 16, 2017.

12. Defendants' actions and inaction have created a hostile work environment and constitute unlawful and illegal discrimination as defined by the courts construing Title VII.

13. Defendants' actions and inaction violated Plaintiff's right to equal protection guaranteed by the Fourteenth Amendment of the United States Constitution.

13. Plaintiff is informed and believes, and based on that information and belief alleges, that the discriminatory conduct of Defendants was invidious, oppressive, malicious, in reckless disregard and/or in conscious disregard of the rights of Plaintiff. As a result, Medicaid is liable for all damages as well as punitive damages are appropriate in an amount according to proof.

5

14. Plaintiff has incurred reasonable attorney's fees and court costs which are awardable under Title VII from Medicaid.

## CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII AGAINST DEFENDANTS

15. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

16. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

17. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C.A. §§ 2000e et seq., by discriminating against Plaintiff because of her race.

18. As a direct and proximate result of Defendants' unlawful actions, Plaintiff lost wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

19. As a further proximate result of Defendants' unlawful actions, Plaintiff has suffered mental anguish, and emotional and physical distress, in an amount to be proven at trial.

20. Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

## **CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS TO EQUAL PROTECTION UNDER THE LAW**

21. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

22. Defendants do not have a history of discrimination against Caucasians.  Yet, Defendants engaged in invidious behavior that openly drew distinctions along racial lines in benefit of Caucasians.  Said distinctions do not serve any interests in allowing said discrimination and make said discrimination illegal and unconstitutional.  Thus, Plaintiff, and similarly situated individuals as those having her race, have been treated differently.

23. In the alternative, Defendants intentionally discriminated against Plaintiff, and others of like race, on the basis of her race violating Plaintiff's Equal Protection Rights.

24. As a direct and proximate result of Defendants' unlawful actions, Plaintiff lost wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

25. As a further proximate result of Defendants' unlawful actions, Plaintiff has suffered mental anguish, and emotional and physical distress, in an amount to be proven at trial.

26. Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiff requests that defendants be cited to appear in this action, and that after trial by jury, a judgment be entered granting Plaintiff the following relief:

1. Actual damages according to proof;

2. Punitive damages according to proof;

3. Mental anguish damages according to proof;

4. Pre-judgment and post-judgment interest at the legal rate;

5. Reasonable attorney's fees and costs of court; and

6. Such other and further relief, to which Plaintiff are justly entitled.

RESPECTFULLY SUBMITTED this the 27th day of July, 2018.

**JENNIFER McDONALD**

**BY: /s/ Scott F. Slover**
**Scott F. Slover**

Scott F. Slover, MSB 102768
Slover & Associaties, PLLC.
P. O. Box 846
501 State St.
Natchez, MS 39121
Telephone: 601-442-0075

8

**SERVICE INSTRUCTIONS**

Service in this cause may be had upon the Defendant State of Mississippi, Office of the Governor, Division of Medicaid by service upon its agent for service of process:

   Mississippi Attorney General
        Jim Hood, esq.
        550 High Street
        Jackson, Ms, 39201.


   Service in this cause may be had on Sarah Underwood personally at:

        Sarah Underood
        Medicaid Office
        1372 Johnny Johnson Dr.
        Brookhaven, Ms 39601.


Certificate of Service

I, Scott F. Slover, do hereby certify that I have this day caused to be served via the ECF system Jim Hood, Attorney General of the State of Mississippi and Sarah Underwood.

This the 27th day of July, 2018.

                              /s/ Scott F. Slover
                              Scott F. Slover