UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JENNIFER McDONALD**                                                                             **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 5:18-CV-83-DCB-MTP**

**STATE OF MISSISSIPPI, OFFICE OF
THE GOVERNOR, DIVISION OF
MEDICAID and SARAH UNDERWOOD,
in her individual capacity**                                                                  **DEFENDANTS**

## ANSWER AND DEFENSES

The Office of the Governor, Division of Medicaid (identified in the Complaint as "State of Mississippi Office of the Governor Division of Medicaid" and referred to hereinafter as "DOM"), and Sarah Underwood, in her individual capacity, by and through counsel, submit their Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Any claims asserted in the Complaint which were not the subject of a timely charge of discrimination with the Equal Employment Opportunity Commission or brought within the applicable limitations period for suit are barred by the statutes of limitation.

**THIRD DEFENSE**

The defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

**FOURTH DEFENSE**

Defendant Underwood is entitled to and hereby affirmatively pleads her federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

**FIFTH DEFENSE**

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them, as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

**SIXTH DEFENSE**

Plaintiff's claims pursuant to 42 U.S.C. §1983 cannot lie against DOM. Plaintiff's claims pursuant to Title VII cannot lie against Underwood.

**SEVENTH DEFENSE**

Defendants assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which include, but are not limited to, the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, statute of frauds, statute of limitations, and waiver.

**EIGHTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and

Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

### NINTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TENTH DEFENSE

The imposition of punitive damages in this case based upon a theory of *respondeat superior* without proof that an officer, director or managing agent acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### ELEVENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

### TWELFTH DEFENSE: ANSWER

Without waiving the aforementioned defenses, Defendants specifically answer and respond to the allegations of the Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. It is admitted Underwood is an adult resident citizen of Lincoln County, Mississippi and that she has been served with process in this action. Any allegations set forth in paragraph 3 of the Complaint which are not specifically admitted herein are denied.

4. [There is no paragraph 4 in the Complaint].

5. It is admitted that the Court has jurisdiction over this action. Any allegations set forth in paragraph 5 of the Complaint which are not specifically admitted herein are denied.

6. It is admitted that venue is appropriate herein. Any allegations set forth in paragraph 6 of the Complaint which are not specifically admitted herein are denied.

7. It is admitted that Plaintiff was employed by Medicaid. Any allegations set forth in paragraph 7 of the Complaint which are not specifically admitted herein are denied.

8. Denied.

9. Admitted.

10. The allegations of the first paragraph 10 of the Complaint are admitted.

10. [sic] The allegations of the second paragraph 10 of the Complaint are denied.

11. Denied.

12. Denied.

13. The allegations of the first paragraph 13 of the Complaint are denied.

13. The allegations of the second paragraph 13 of the Complaint are denied.

14. Denied.

15. All responses and defenses above are incorporated below.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. All responses and defenses above are incorporated below.

22. It is admitted that Defendants do not have a history of discrimination. Any allegations set forth in paragraph 22 of the Complaint which are not specifically admitted herein are denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. The allegations set forth in the paragraph of Plaintiff's Complaint beginning with the words, "WHEREFORE, Plaintiff requests," together with its sub-paragraphs 1 - 6 are denied, and it is denied that Plaintiff is entitled to any relief whatsoever from the Defendants.

## THIRTEENTH DEFENSE

Answering further, Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and deny that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

**NOW**, having fully answered the allegations of Plaintiff's Complaint, and having set forth their defenses thereto, DOM and Underwood deny that Plaintiff is entitled to any relief against them in any form or amount, whatsoever, and hereby move the Court for entry of an order and final judgment dismissing this cause of action with prejudice, with all costs assessed to the Plaintiff. Defendants further move for general and such other relief as the Court deems appropriate herein.

Respectfully submitted this the 25th day of September, 2018.

**STATE OF MISSISSIPPI, OFFICE OF THE GOVERNOR, DIVISION OF MEDICAID and SARAH UNDERWOOD, Defendants**

**JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY:  */s/ Benny M. May*
      Benny M. May

Benny M. May (MSB #100108)
*Office of the Attorney General*
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Email: bemay@ago.state.ms.us
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this day filed the above and foregoing via the Court's ECF system, which will automatically send notice to all counsel of record.

This, the 25th day of September, 2018.

*/s/ Benny M. May*
Benny M. May